Mr. Justice Thacher
delivered the opinion of the court.
This action of assumpsit, founded upon a promissory note, was instituted to the June term, 1845, of the circuit court of Hinds county. At this term, the defendant there, the administrator of the maker of the note, filed the plea of non-assumpsit *115 on the part of his intestate. The record next discloses, that at the November term, 1846, the circuit court “ordered the judgment in this case' at the last term of the court to be entered now as for then, in the words, cause the parties, and thereupon cause a jury, to wit, &c., who being duly elected, &c., find for the plaintiff, and assess his damages, &c., and it is therefore considered, &c., that the plaintiffs recover, &c.”
The first objection made in this cottrt is to the entry of the foregoing judgment.
It does not appear that the administrator made any objection at the time this judgment was ordered to be entered, and no bill of exceptions is filed thereto by him. But, with the exception of the order itself, as recited by the clerk, there is nothing in the record that shows that a verdict bad been rendered in the casé at a previous term of the court. Even a bill of exceptions filed at the same term, although it speaks of trial, does not contain evidence that the trial proceeded to a verdict of a jury. There is no doubt that had a verdict been had at a previous term, and for some reason judgment had not been entered thereon, it would have been competent for the court to have given, at a subsequent term, following the rules of law in such cases, the appropriate judgment, in the form of a judgment nunc pro tunc. The circumstance, that no objection or bill of exceptions was taken to the rendition of this judgment, can weigh nothing against the administrator. If the record should have shown a verdict 'at a prior term, whereon to base the judgment nunc pro tunc, and none such legitimately appears, it is equally erroneous as if a judgment were rendered, in due course, as if upon a verdict where no verdict had in fact been had. Now the verdict of a jury in a case like this, is one step preliminary to a judgment so essential, that it must appear in a record to make that record complete. It is not incumbent upon a party to establish it or disprove it, by means of a bill of exceptions, and it hence follows, that either the record in this case is imperfect, or that no such ■verdict was had. The statement of the clerk, or of the court, at a subsequent term, of what transpired at a previous term, amounts only to parol proof, and is insufficient. There is a *116 rule, that a judgment of a court will be presumed to be correct until the contrary is shown ; but incorrectness may appear from apparent defects in the proceedings as well as from errors in point of law. In this instance, there is no legal evidence of a verdict of a jury at a prior term, upon which to have established the judgment nunc pro tunc. '
The next point is as to the competency of Edwards, who was offered as a witness, by the administrator, to prove a mistake in drawing the amount of the note, and to prove full payment of the note. This bill of exceptions was filed at the November term, 1846, although it shows that the exception to the ruling of the court, excluding the witness, was taken at the time of this exclusion. The bill of exceptions is therefore irregular.
As to the matter of proving payment by this witness, in view of another trial, the state of the pleadings would warrant it in this case, at least, because the defendant was sued in his capacity of administrator, and was not bound, under the statute, to plead specially the plea of payment.
The objection to the competency of this witness in the circuit court, was put upon the ground that the note having been indorsed payable to bearer, had passed, in the course of business, through his hands. As to this, if the witness is not interested, or liable to other objection, he was competent to show the discharge of the note by its payment. Williams et al. v. Miller, 10 S. & M. 142.
The ground taken, that the note was void because its maker had been decided to be incompetent to make a will of an older date than the note by reason of insanity is not tenable. The insanity might have been temporary; and besides, the evidence offered was not legitimate to the case.
The judgment must be reversed, and new trial granted.